CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2016

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:09CR00045-01 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROBERT LEE BENNETT, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Defendant Robert Lee Bennett has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Bennett's motion must be denied.

### Background

On December 9, 2009, Bennett entered a plea of guilty to conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. At the time of sentencing, Bennett was held responsible for 96.25 grams of crack cocaine, which gave rise to a base offense level of 30 under the drug quantity table in U.S.S.G. § 2D1.1. He received a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), and a six-level enhancement for creating a substantial risk of serious bodily injury to a law enforcement officer, pursuant to U.S.S.G. § 3A1.2(c)(1). With these enhancements, Bennett had an adjusted offense level of 38. Bennett was also designated as a career offender under U.S.S.G. § 4B1.1, which would have subjected him to an offense level of 37. Because Bennett's adjusted offense level under § 2D1.1 was higher than the offense level under § 4B1.1, the court applied the higher adjusted offense level in sentencing Bennett. After subtracting three levels for acceptance of responsibility, the court found Bennett's total offense level to be 35. With a criminal history

category of VI, the Guidelines range of imprisonment was 292 to 365 months. The court departed from that range and sentenced Bennett to a 210-month term of imprisonment, to be served concurrently with a sentence imposed in Pulaski County Circuit Court.

In 2011, the government moved to reduce Bennett's sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced Bennett's term of imprisonment to 180 months. Thereafter, the court further reduced Bennett's term of imprisonment to 162 months to effectuate the court's intent to have his federal sentence run concurrently with his undischarged state sentence.

In 2014, Bennett moved for a reduction of sentence pursuant to § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in § 2D1.1 to conform to the Fair Sentencing Act of 2010. Since the new adjusted offense level based on the drug quantity table in § 2D1.1(c) and the applicable enhancements (34) was lower than the career offender level under § 4B1.1 (37), the court used the career offender level as the starting point for the new sentencing calculation. The result was a reduced term of imprisonment of 143 months.

Bennett now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels applicable to drug offenses under § 2D1.1 by two levels. The court issued a notice advising Bennett that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The Office of the Federal Public Defender agreed to assist Bennett. An attorney in the office filed a brief in support of Bennett's motion. The motion is now ripe for disposition.

2

Case 7:09-cr-00045-GEC   Document 104   Filed 05/10/16   Page 2 of 6   Pageid#: 249

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [U.S.S.G. § 1B1.10(d)] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); Dillon, 560 U.S. at 827. "In making such determination, the court shall substitute only the amendments listed in [U.S.S.G. § 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

In this case, Bennett was designated as a career offender at his original sentencing, but was sentenced under U.S.S.G. § 2D1.1 only because the drug quantity table, combined with applicable enhancements, provided a higher adjusted offense level than the career offender level under U.S.S.G. § 4B1.1. See U.S.S.G. § 4B1.1(b) (providing that the offense level calculated under the

3

career offender guidelines applies only if it is "greater than the offense level otherwise applicable"). If Amendment 782 had been in effect at the time of the original sentencing, Bennett would have been sentenced as a career offender, a designation which remains unchanged, because the offense level of 37 under § 4B1.1 would have been higher than the adjusted offense level otherwise applicable to him. Accordingly, in light of Bennett's career offender status, Amendment 782 does not have the effect of lowering his applicable guideline range. That range is derived from § 4B1.1, which the amendment did not affect. The mere fact that Bennett's original sentence was based on the drug quantity table in § 2D1.1, rather than the career offender range, is of no consequence. See United States v. Banks, 770 F.3d 346, 347 (5th Cir. 2014) (holding that a defendant originally sentenced under the drug quantity table in § 2D1.1, but resentenced in a § 3582 proceeding using the career offender provisions in § 4B1.1, cannot bring another § 3582 motion based on an amendment to the Sentencing Guidelines that further lowers the Guidelines range for crack cocaine in the § 2D1.1 drug quantity table); see also United States v. Counts, 500 F. App'x 220, 220 (4th Cir. 2012) (holding that a career offender, whose original sentence was based on the drug quantity table in § 2D1.1 because it resulted in a higher offense level than the § 4B1.1 provisions, received "the greatest possible reduction that he could have received," when the district court granted the defendant's § 3582(c)(2) motion and applied the career offender guidelines).

It is also of no consequence that the court departed from the Guidelines range at Bennett's original sentencing hearing. The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined <u>before</u> consideration of any departure provision in the

4

Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added).* Thus, in this case, the applicable guideline range is the pre-departure range derived from the career offender provisions of the Guidelines, which were not altered by the recent amendment. See, e.g., United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance. Accordingly, Amendment 782 – which alters the offense levels for drug crimes but does not affect the offense levels for career offenders – would not lower Rinaldi's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rinaldi's sentence.") (internal citation and quotation marks omitted).

Finally, the court notes that the fact that Bennett previously benefitted from a Rule 35 motion is of no consequence. Unlike cases involving mandatory minimum sentences and substantial assistance, the court is not authorized to ignore a defendant's career offender status in determining whether the defendant is eligible for a sentence reduction based on an amendment to the Sentencing Guidelines. See U.S.S.G. § 1B1.10(c) (clarifying that, in "cases involving mandatory minimum sentences and substantial assistance," the amended guideline range shall be

---

* The defendant asserts that Application Note 1(A) is invalid because the Sentencing Commission failed to comply with the notice and comment provisions of the Administrative Procedure Act (APA). However, the defendant does not cite any authority adopting this position, and "every circuit to consider the APA argument has upheld the Note's validity." United States v. Webb, 760 F.3d 513, 520 n.6 (6th Cir. 2014) (citing cases). Likewise, courts have rejected the defendant's argument that the Application Note violates the Ex Post Facto Clause and the separation of powers doctrine. See, e.g., United States v. Adams, 545 F. App'x 659, 661-62 (9th Cir. 2013); United States v. Wright, 562 F. App'x 885, 889 (11th Cir. 2014); United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012); United States v. Goode, 953 F. Supp. 2d 74, 79 (D.D.C. 2013). The court's review of existing caselaw reveals that the Note's definition of "applicable guideline range" has been consistently applied in every circuit, including the United States Court of Appeals for the Fourth Circuit. See, e.g., United States v. Solomon, No. 16-6009, 2016 U.S. App. LEXIS 6024, at *1 (4th Cir. Apr. 1, 2016); United States v. Moton, 531 F. App'x 377, 378 (4th Cir. 2013).

5

determined "without regard to" the mandatory minimum). While this may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005); see also United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Unless and until the Sentencing Commission affords similar treatment to career offenders who provided substantial assistance to the government, or otherwise amends the Guidelines applicable to career offenders, the court will not have the authority to reduce Bennett's sentence under § 3582(c)(2). See, e.g., United States v. Ballew, 619 F. App'x 985, 986 (11th Cir. 2015) (rejecting a career offender's argument that the district court's downward variance based on his substantial assistance meant that he was eligible for a reduced sentence under Amendment 782); United States v. Jay, No. 3:11-375, 2016 U.S. Dist. LEXIS 57755, at *2 (D.S.C. May 2, 2016) (holding that a career offender who received a Rule 35 reduction was not entitled to a further reduction based on Amendment 782).

For all of these reasons, Bennett's motion for reduction of sentence must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 10th day of May, 2016.

                                                         Chief United States District Judge