CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2019

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:09CR00045 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT LEE BENNETT, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Robert Lee Bennett, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant the defendant's motion.

On August 13, 2009, a grand jury in the Western District of Virginia returned an indictment against the defendant. Count One of the indictment charged the defendant with conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. The defendant entered a plea of guilty to that count on December 9, 2009. Based on the amount of cocaine base charged in the indictment, the defendant faced a mandatory term of imprisonment of ten years to life under existing law. See 21 U.S.C. § 841(b)(1)(A) (2006). As part of the written plea agreement, the parties agreed to jointly recommend that the defendant be sentenced to a term of imprisonment of 180 months, with the understanding that the court would not be bound by the parties' recommendation.

The defendant appeared for sentencing on April 29, 2010. At the time of sentencing, the defendant was held responsible for 96.25 grams of cocaine base, which gave rise to a base offense level of 30 under § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 2D1.1(c) (2009). In addition to a two-level firearm enhancement under § 2D1.1(b)(1), the defendant received a six-level enhancement under § 3A1.2(c)(1) because the offense involved an assault on a law enforcement officer during the course of attempting to avoid

arrest. The defendant was also designated as a career offender. That designation, coupled with the "offense statutory maximum," resulted in a base offense level of 37 under U.S.S.G. § 4B1.1(b). Because the defendant's offense level under § 2D1.1 was higher than the applicable offense level under § 4B1.1, the court applied § 2D1.1 in sentencing the defendant. With a three-level reduction for acceptance of responsibility and a criminal history category of VI, the defendant's guideline range was 292 to 365 months' imprisonment. After considering the parties' arguments, the court agreed that a downward departure was warranted in the defendant's case, but declined to impose the 180-month term of imprisonment jointly recommended by the parties. Instead, the court found that a term of imprisonment of 210 months was appropriate under the facts of the case. The court also imposed the mandatory minimum term of supervised release of five years. See 21 U.S.C. § 841(b)(1)(A) (2006).

In September of 2011, the government moved to reduce the defendant's sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced the defendant's term of imprisonment to 180 months. On October 4, 2013, the court further reduced the defendant's term of imprisonment to 162 months to effectuate the court's intent to have his federal sentence run concurrently with an undischarged state sentence.

In 2014, the defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines, which revised the drug quantity tables in § 2D1.1 to conform to the Fair Sentencing Act of 2010. Since the new adjusted offense level based on the drug quantity table in § 2D1.1(c) and the applicable enhancements (34) was lower than the career offender level under § 4B1.1 (37), the court used the career offender level as the starting point for the new sentencing calculation. On July 22, 2014, the court notified the parties that it proposed to reduce the defendant's period of incarceration from 162 months to 143

2

months, which represented a comparable reduction from the amended guideline range. The government subsequently advised the court that it did not challenge the legality or propriety of the proposed reduction. On August 11, 2014, the court granted the defendant's motion and reduced his term of imprisonment to 143 months.

The parties agree that the defendant is now eligible for a sentence reduction under the newly-enacted First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115- 391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

In this case, it is undisputed that the defendant's offense of conviction is a "covered offense" for purposes of the First Step Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory

3

penalties set forth in § 841(b)(1)(A) from 50 grams to 280 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(A) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the defendant's offense is 5 to 40 years' imprisonment and at least four years of supervised release, based on the quantity of cocaine base charged in the indictment. See 21 U.S.C. § 841(b)(1)(B) (2012) (setting forth the statutory penalties applicable to offenses involving 28 grams or more of a mixture or substance containing cocaine base). The guideline range of imprisonment that now applies in the defendant's case, based on a statutory maximum sentence of 40 years, is 188 to 235 months. The court has been advised that the defendant has already served more than 119 months of his prison sentence. His projected release date is October 20, 2019.

Upon review of the record, the court concludes that a sentence reduction is warranted in the defendant's case. Although the government maintains that the defendant's offense conduct and criminal history counsel against a reduction, the same facts and circumstances were in existence at the time of the defendant's original sentencing. Nonetheless, the government recommended that the court impose a sentence substantially below the applicable guideline range. Likewise, the government did not oppose the defendant's motion for reduction of sentence based on Amendment 750, or suggest that a lesser reduction was warranted under the facts of this case. Consequently, the court does not believe that the defendant's offense conduct or his criminal history should preclude him from obtaining the relief authorized by the First Step Act.

After considering the parties' arguments, the defendant's positive institutional record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will depart from the new guideline range and impose a reduced term of imprisonment of 135 months, but not less than time served. The court will also reduce the defendant's period of supervised release to four years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 15th day of August, 2019.

_____
Senior United States District Judge